UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-81-PEP

CHARLES E. BENTLEY,                                                                              PLAINTIFF,

V.  **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                           DEFENDANT.

## I. INTRODUCTION

Plaintiff, Charles E. Bentley, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1). Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for a period of disability, disability insurance benefits, and supplemental security income on April 26, 2002.  (Tr. 56-59, 377-379.) The claims were denied initially and on reconsideration.  (Tr. 29-33, 38-40, 380-388.) At Plaintiff's request, an administrative hearing, with Administrative Law Judge J. Robert Brown (hereinafter "ALJ") presiding, was conducted on July 14, 2003.  (Tr. 389-404.)  Plaintiff, accompanied by his attorney, testified at the hearing.  (Id.)  Also testifying was vocational expert Melissa Glannon (hereinafter "VE").  (Id.)  On August 5, 2003, the ALJ found that Plaintiff was not disabled and therefore did not qualify for a period of disability, disability insurance benefits, or supplemental security income.  (Tr. 12-25.)  The Appeals Council declined to review the ALJ's decision (Tr. 5-7) and Plaintiff now seeks judicial review.

Plaintiff was forty years old at the time of the hearing decision.  (Tr. 23, 392.) Plaintiff attained a twelfth grade education (Tr. 25, 392) and his past relevant work experience consists of employment as a skilled welder.  (Tr. 16, 79, 112, 401-402.) On August 5, 2003, the ALJ issued his decision finding Plaintiff not disabled. (Tr. 12-25.)  At the outset, the ALJ found that Plaintiff met the disability insured status requirement for a period of disability and disability insurance benefits under the Social Security Act, see generally 20 C.F.R. §§ 404.130-404.132, and was insured for

2

benefits through August 5, 2003. (Tr. 24.)

At the first step of the sequential evaluation process, see generally 20 C.F.R §§ 404.1520, 416.920, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since August 21, 2002, the alleged onset date of disability. (Tr. 16, 24.) At the second step, the ALJ found that Plaintiff's chronic testicular pain, heel fractures, and anxiety impairments were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 416.920(c). (Tr. 19, 24.) At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 22, 24.) At the fourth step, although the VE testified that welding work at the light exertional level existed in significant numbers in the national economy, the ALJ found that Plaintiff's previous employment as a welder was at the heavy exertional level and concluded that Plaintiff was unable to perform his past relevant work. (Tr. 22, 24, 402.)

At the fifth and final step, relying on the testimony of the VE and taking into consideration the Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC")[1], the ALJ found that

---

[1] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS

Plaintiff was capable of making a successful adjustment to work existing in significant numbers in the national economy.[2] (Tr. 23-25.) Accordingly, the ALJ found Plaintiff not to be disabled at step five of the sequential evaluation process. See 20 C.F.R. §§ 404.1520(g), 416.920(g). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 25, 2005. (Tr. 3-5.) Plaintiff thereafter filed this action. By virtue of the parties' stipulations of consent (Record Nos. 3 and 7), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 12 and 13), which are now ripe for review.

### III. ANALYSIS

#### A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding

---

708 at *11 (6th Cir. Jan. 12, 2001). In this case, the ALJ found that Plaintiff retained the capacity to perform simple one-two step instruction tasks at the light exertional level of work. (Tr. 22, 25.) The ALJ also established some mental impairments manifested as mild restrictions on activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, and pace. (Tr. 22.)

[2] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that Plaintiff is capable of making an adjustment to work found in significant numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). Here, at the light exertional level, the VE listed unskilled hand packer (approximately 212,000 jobs nationally and 14,000 jobs in the tri-state region of Kentucky, Ohio, and West Virginia) and unskilled office helper (115,000 nationally and 6,300 regionally) as jobs existing in significant numbers in the national economy that a person of Plaintiff's age, educational background, past work experience, and assumed limitations could perform. (Tr. 23-24, 402-403.)

Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076

(6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B.  Plaintiff's Contentions on Appeal and Analysis

Plaintiff's sole argument on appeal is that the ALJ committed error by acting as his own medical expert.  On June 23, 2003, Plaintiff presented for a consultative examination with Dr. Christa U. Muckenhausen, a neurologist.  (Tr. 239-257.)  In an assessment of Plaintiff's ability to perform work related activities, Dr. Muckenhausen opined that Plaintiff's lifting abilities were limited to less than ten pounds frequently and less than twenty pounds occasionally.  (Tr. 254.)  The assessment provided that based on an eight hour work day, Plaintiff's impairments prevented him from walking, standing, or sitting for more than two hours.  (Id.)  If the work activity involved uninterrupted walking, standing, or sitting, Dr. Muckenhausen limited Plaintiff to fifteen minute intervals.  (Id.)  With regard to postural activities, Dr. Muckenhausen opined that Plaintiff could never climb, balance, stoop, crouch, kneel, or crawl.  (Tr. 255.)  Dr. Muckenhausen also reported that Plaintiff's impairments affected his reaching, handling, feeling, pushing, pulling, and seeing abilities.  (Id.)  Furthermore, Dr. Muckenhausen placed some environmental restrictions on Plaintiff's ability to

perform work related activities. Although the report does not explain how and to what extent the Plaintiff is environmentally limited, a reasonable reading of the report would be that Plaintiff should avoid heights, mowing machinery, extreme temperatures, chemicals, dust, noise, fumes, humidity, and vibration. (Id.) Mentally, Dr. Muckenhausen opined that Plaintiff rated poorly in the following tasks: following work rules, relating to co-workers, dealing with the public, using judgment, interacting with supervisors, dealing with work stress, functioning independently, maintaining attention and concentration, and understanding, remembering, and carrying out both simple and complex job instructions. (Tr. 256-257.) Overall, Dr. Muckenhausen's report placed significant limitations on Plaintiff's ability to perform work related activities.

In assessing Plaintiff's RFC, the ALJ assigned little weight to the opinion of Dr. Muckenhausen. The ALJ found that Dr. Muckenhausen's assessment of Plaintiff's physical and mental limitations was not consistent with the substantial evidence in the record and, in some regards, inconsistent even with her own examination of Plaintiff. (Tr. 21-22.) Plaintiff argues that rejecting Dr. Muckenhausen's opinion was error because it constituted the substitution of the ALJ's judgment for that of a medical expert.

The Regulations provide that the final responsibility of deciding issues of

disability, RFC, applicability of a Listing, and application of vocational factors rests with the Commissioner. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). In making these determinations, all medical opinions must be considered and weighed in accordance with the factors provided in the Regulations. See generally 20 C.F.R. §§ 404.1527(d), 416.927(d). When the record contains conflicting evidence, it is the function of the ALJ to weigh the evidence and resolve the conflicts. See Chandler v. Comm'r of Soc. Sec., 2005 U.S. App. Lexis 3264 at *9 (6th Cir. Feb. 23, 2005); Acquaviva v. Sec'y of Health & Human Servs., 1983 U.S. App. LEXIS 12275 at *5 (6th Cir. Dec. 9, 1983); Mercer v. Matthews, 403 F. Supp. 1350, 1354 (E.D. Ky. 1975).

In the instant case, the ALJ correctly noted that Dr. Muckenhausen's opinion was inconsistent with other evidence in the record. Dr. John T. Rawlings, a State agency medical consultant[3], opined that with normal breaks, Plaintiff was capable of walking, standing, or sitting a total of six hours in an eight hour work day. (Tr. 196.) Unlike Dr. Muckenhausen, Dr. Rawlings found no postural, manipulative, or visual

---

[3] At the ALJ level, the ALJ has the ultimate responsibility of assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). The Regulations provide, however, that because State agency medical and psychological consultants are highly qualified and possess social security expertise, the ALJ must consider their findings as opinion evidence. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i); see also SSR No. 96-6p, 1996 SSR LEXIS 3 (Soc. Sec. Admin. 1996). The weight afforded to a non-examining opinion depends on the degree to which the consultant provides supporting explanations for the opinion. Where, as Dr. Rawlings did here (Tr. 197), the consultant presents relevant evidence to support the opinion, particularly medical signs and laboratory findings, the opinion should be afforded additional weight. See 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).

limitations. (Tr. 198-199.) The only environmental limitation identified by Dr. Rawlings was that Plaintiff should avoid concentrated exposure to vibration. (Tr. 200.)

The findings of Dr. Rawlings are consistent with other evidence in the record. Dr. Ahmet Ozturk examined Plaintiff and reported no naturopathic findings in the inguinal area or scrotum. (Tr. 135.) Examination of the testicular region showed normal consistency. (Id.) Morphology did not provoke pain. (Id.) Dr. Ozturk also reported that pain caused by leg raising subsided once resistance was removed. (Id.)

Dr. Rawlings' RFC assessment is also supported by a functional capacity evaluation conducted by Dr. Pamela C. Howard. Dr. Howard reported that musculoskeletal examination was essentially normal with no observed deviation. (Tr. 144.) The record also contains the result of an ultrasound of the testis revealing no intratesticular abnormality. (Tr. 187.)

With regard to Plaintiff's mental limitations, the ALJ noted that Dr. Muckenhausen's opinion was inconsistent with the opinions of Dr. Clairressa J. Goad, a clinical psychologist, and two mental RFCs completed by State agency psychological consultants. (Tr. 22.) Contrary to Dr. Muckenhausen's generally work prohibitive assessment of Plaintiff's mental abilities, Dr. Goad opined that Plaintiff's capacity to focus and concentrate on non-complex tasks appeared intact. (Tr. 193.)

Dr. Goad also reported that Plaintiff's intellectual facilities appeared intact and that indications of social unpredictability were minimal. (Id.) Moreover, in contrast to Dr. Muckenhausen's opinion that Plaintiff was significantly limited in the ability to comprehend detailed instructions and interact appropriately with co-workers and the public, Drs. Cutler and Athy, State agency psychological consultants, found only moderate limitations in these areas. (Tr. 217-219, 233-235.)

Furthermore, the ALJ noted that Dr. Muckenhausen's assessment of Plaintiff's ability to perform work related activities was inconsistent with her own medical findings. (Tr. 21.) Dr. Muckenhausen reported strength testing scores of five out of five in the right upper and lower extremities, five out of five in the left upper extremity, and four out of five in the left lower extremity. (Tr. 243.) In light of these results, Dr. Muckenhausen's opinion with regard to Plaintiff's exertional limitations appears overstated.

By noting that Dr. Muckenhausen's opinion was internally inconsistent and contrary to the substantial evidence in the record, the ALJ was not, as Plaintiff argues, playing doctor. Rather, the ALJ was merely performing his function of evaluating the evidence and resolving conflicts therein. See Chandler, 2005 U.S. App. Lexis 3264 at *9; Acquaviva, 1983 U.S. App. LEXIS 12275 at *5; Mercer, 403 F. Supp. at 1354. In light of the internal inconsistences and in the face of the significant counter

evidence, the ALJ was entitled to reject or diminish the weight he afforded Dr. Muckenhausen's opinion. See Hardaway v. Sec'y of Health & Human Servs., 823 F.2d 922, 927 (6th Cir. 1987) (conflicting opinions from consultative physicians); Haun v. Comm'r of Soc. Sec., 2004 U.S. App. LEXIS 16089 at *5 (6th Cir. Aug. 2, 2004) (conflicting reports from other doctors); Swift v. Sec'y of Health & Human Servs., 1990 U.S. App. LEXIS 8744 at *4-6 (6th Cir. May 30, 1990) (internally inconsistent and in conflict with other medical evidence).

Plaintiff submits the case of Green v. Apfel, 204 F.3d 780 (7th Cir. 2000), in support of his argument that the ALJ erred by acting as his own medical expert. Besides being merely persuasive authority, Green is also distinguishable.[4] In Green, the Seventh Circuit reversed the denial of benefits by an ALJ and remanded with instructions that a physician examine the claimant or his records to determine whether a disability existed. Id. at 782. The Court noted that the ALJ rejected the claimant's complaints of pain and failed to consider the aggregate effect of claimant's ailments. Id. at 781-82. The Court concluded that the ALJ failed to build a bridge from the evidence to his conclusions because his analysis did not provide a rational basis for

---

[4] It should also be noted that the Seventh Circuit provides a more stringent standard of review than the Sixth Circuit. The Seventh Circuit requires that the ALJ build an accurate bridge from the evidence to her conclusion as to enable a reviewing court to trace the path of her reasoning. Hickman v. Apfel, 187 F.3d 683, 689 (7th Cir. 1999); Groves v. Apfel, 148 F.3d 809, 811 (7th Cir. 1998). The Sixth Circuit has not adopted this more exacting version of the substantial evidence standard.

the denial of benefits. Id. at 781.

In contrast, the ALJ in this case did engage in a detailed evaluation of the medical evidence to determine whether Plaintiff was disabled. The ALJ considered the conflicting opinions and concluded that the opinions suggestive of a less restrictive RFC were more consistent with the bulk of the evidence in the record. Therefore, it cannot be alleged that the ALJ failed to provide a rational basis for his decision to reject Dr. Muckenhausen's opinion.

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69. In the instant case, substantial evidence exists in the record to support the ALJ's decision not to credit Dr. Muckenhausen's opinion. Substantial evidence in the record also supports the ALJ's decision finding Plaintiff not disabled. The fact that some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal. See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90.

## IV. CONCLUSION

Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) The Defendant Commissioner's motion for summary judgment (Record No.

13) is hereby GRANTED.

(2) Plaintiff's motion for summary judgment (Record No. 12) is hereby DENIED.

(3) Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the court's docket.

Signed November 21, 2005.



Signed By:
Peggy E. Patterson PEP
United States Magistrate Judge

Date of Entry and Service: